**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Henry Kenneth Roger Siems, an Individual,

Plaintiff,

v.

The City of Minneapolis, a municipal corporation in Minnesota, Officer Joseph Adams (individually and in his official capacity), Officer Hien Dinh (individually and in his official capacity) and Does 1 through 5, inclusive,

Defendants.

Civil File No.: 06 cv 1415 MJD/AJB

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

## SUMMARY OF CASE

Henry Kenneth Roger Siems alleges that Minneapolis Police beat him, and claims constitutional torts under §1983, as well as state tort claims against the individual officers. Seims further alleges a policy or custom in the City of Minneapolis.

### 1. The Parties

1. Henry Kenneth Roger Siems ("Siems"), is a United States citizen, and a resident of the State of Minnesota, with a permanent residential address in Henepin County.

SCANNED
APR 12 2006
U.S. DISTRICT COURT MPLS

2. At all time relevant herein Officer Joseph Adams ("Adams"), Badge #000015, Officer Hein Dinh ("Dinh"), Badge #001551, and other unknown officers were duly authorized officers of defendant City of Minneapolis, Department of Police. They are being sued individually and in their official capacities. These police officers acted with reckless disregard for the rights, safety, privileges and immunities of plaintiff, engaged in intentional harm or willfully injured plaintiff, they acted unreasonably as a matter of law or without justification, they violated a known right of plaintiff, or knowingly violated plaintiff's rights, acted with malice, and/or were not exercising discretion in any way that would provide immunity to the individual officers.

3. Defendant the City of Minneapolis sued herein as "City" is a municipal corporation located at 350 S. 5th St., Minneapolis, MN 55487, which can sue and be sued. References to Police Department shall mean the City.

## II. Jurisdiction

4. This Court has original jurisdiction over this matter, pursuant to 28 U.S.C. §1331. That jurisdiction arises in part under the laws of the United States, including 42 U.S.C. §1983. This Court has the authority to take jurisdiction over all other claims, as supplemental jurisdiction.

## III. Factual Allegations

5. Seims and his wife are the parents of a daughter that was institutionalized when she was 7 years old. She has spent most of her life in various institutions and jails, or living "on the streets." Over the years, there have been numerous police calls

to the Siems' home regarding their daughter. Seims believes that various Minneapolis police have a vendetta against him because they hate his daughter and fault him because she is often in trouble.

5. Late on the evening of April 12, 2004, Siems caught an Animal Control Officer in an apparent effort to provoke Siems' bassett hounds to bark so that they could be recorded and Siems could be prosecuted. Siems told the Animal Control Officer to go further away, or words to that effect, because it was his understanding that Animal Control must tape from at least two (2) lots away.

6. Not long after, Siems' stood talking to his wife, who was on the front steps of the 6-plex they own. Siems had his back to Officers Adams and Dinh as they ran toward him. The officers grabbed Seims and threw him down on his head and shoulder. Siems lay in fetal position as the officers kicked him. One forced his foot into Seims groin area and twisted Seims' leg.

7. Seims was not warned that the Officers were about to grab him and throw him to the ground and beat him, nor was he told he was under arrest, nor was he given any commands. While Siems was being beaten, his wife yelled for help, and police threatened that they would arrest her if she didn't stop.

8. Siems sought medical treatment after he was released from the Hennepin County Adult Detention Center. He was diagnosed with medical injuries associated with the physical trauma caused by police, and received treatment.

9. Siems continues to have medical issues associated with the beating, including headaches, memory loss, impaired range of motion in his neck and shoulder

and other mental and physical impairment. He has been unable to work or help his wife care for their grandchildren ever since.

10. Seims was charged in April, 2004 with Obstruction of Legal Process and Disorderly Conduct; the complaint alleged false facts that Plaintiff believes were alleged by one or more of the named Police Officers. The Obstruction of Legal Process charge was dismissed and, on information and belief, the Disorderly Conduct charge was continued for dismissal for a year, and was then dismissed.

11. In ~~August~~ April of 2005, Seims began the process of filing with the Civilian Review Authority about this matter. After he was accosted by Doe Minneapolis Police Officers, who made threats to him about proceeding further in the complaint process, Seims was afraid to proceed further, and did nothing further about his complaint.

## COUNT I

## VIOLATION OF 42 U.S.C. §1983
**(By Plaintiff Against All Defendants)**

Plaintiff realleges the above allegations as if set forth in full and further states and alleges as follows:

12. Defendants Adams and Dinh were on duty for the Minneapolis Police Force, were fully-clad in the full uniform of Minneapolis Police Officers, and acted under color of law when they approached and grabbed Siems, and when they beat him. Defendant Officers acted under color of law, either singly or one or more acting

in concert, when they engaged in the following unconstitutional conduct/constitutional torts:

a. brutally throwing Siems to the ground on his head and shoulder, kicking him and twisting his leg, all without provocation or justification, thereby acting with force when none was necessary and/or exceeding the force necessary and injuring Siem's head, neck, shoulder and back (equal protection, excessive force, and substantive due process (shocks the conscience) violations);

13. Doe Minneapolis Police Officers who approached and threatened Siems about the Civilian Review Authority process violated Siems' First Amendment rights/First Amendment retaliation rights[1], by preventing him from complaining about public officials.

***Monell claims***

14. Defendant City had a "policy or custom" that violates rights, privileges, and immunities guaranteed by the U.S. Constitution, including but not limited to:

- numerous complaints against Officers Adams and Dinh put the City on constructive notice that these officers would engage in excessive force, or other misconduct, yet did nothing to prevent such abuse of citizens at the hands of these individuals;

---

[1] Plaintiff asks the Court, if necessary, to expand the law to encompass this claim. The 8th Circuit discusses such claims in the context of prison cases, and this would be a modest expansion, if it is an expansion at all.

and Plaintiff was damaged, and therefore the City is liable to the plaintiff for damages, including but not limited to compensatory damages, presumed damages, and special damages. Officers' conduct is not protected by immunities.

**COUNT II**

**ASSAULT**
**(Against All Defendants)**

Plaintiff realleges the above allegations as if set forth in full and further states and alleges as follows:

15. Conduct by the individual Defendants, as set forth above, created imminent and reasonable fear or apprehension by Plaintiff for his own personal safety. Defendants were either acting within the scope of their duties, for which the City is liable, or, if not acting within the scope of their duties, then they are individually liable. Officers' conduct is not protected by immunities.

16. By reason of the foregoing, Plaintiff has suffered damages, including emotional distress and mental anguish, pain and suffering, and other harm, and therefore defendants are liable to plaintiff.

**COUNT III**

**BATTERY**
**(Against all Defendants)**

Plaintiff realleges the above allegations as if set forth in full and further states and alleges as follows:

17. Conduct by Defendants constituted physical contact with Plaintiff Siems to which he did not consent, and which was the proximate cause of damage to him, constituting a battery on Siems. Defendants were either acting within the scope of their duties, for which the City is liable, or, if not acting within the scope of their duties, then they are individually liable.

18. By reason of the foregoing, Plaintiff Siems suffered damages, including emotional distress and mental anguish, pain and suffering, and other harm, and therefore defendants are liable to plaintiff.

**WHEREFORE**, plaintiff prays this court afford relief and award damages or, in the alternative, for a trial by jury, to find culpability and prove damages and award compensation;

1. Compensation for damages in excess of $50,000, and all other types of damages allowed for these claims;
2. Punitive damages as allowed by law. Plaintiff reserves the right to amend to add punitive damages, concerning state law claims;
3. A prohibitory injunction under 42 U.S.C. §1983 and/or the Minnesota Constitution, ordering Defendants not to further violate the rights of citizens in the areas set forth in this complaint, 1983 claim; and
4. Such further relief as the court deems just and equitable and necessary to foreclose defendants from engaging in such conduct in the future.

Dated: April 12, 2006 **ATTORNEY FOR PLAINTIFF**

**Jill Waite, Esq.**, #191152
Attorney at Law
2856 Humboldt Avenue South
Minneapolis, MN 55408
612-871-3909 (Telephone)
612-871-3925 (Fax)