**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**Henry Kenneth Roger Siems, an Individual,**

**Plaintiff,**

**vs.**

**The City of Minneapolis, a municipal corporation in Minnesota, Officer Joseph Adams (individually in is official capacity), Officer Hien Dinh (individually in his official capacity) and Does 1 through 5, inclusive,**

**Defendants.**

**Court File No.: 06-1415 (MJD/AJB)**

**JOINT ANSWER OF DEFENDANTS**

**Jury Trial Demanded**

---

Defendants for their Answer to the Complaint of Plaintiff state and allege as follows: Unless admitted, denied, or otherwise pled below, Defendants deny each and every allegation contained in the Complaint. Defendants:

**THE PARTIES**

1. Admit, upon information and belief, the allegations set forth in paragraph 1 of the Complaint.

2. Admit that Officers Adams and Dinh were on duty and acting as police officers at the time of the incident in question; admit that the officers are being sued in their individual and official capacities; deny the remaining allegations set forth in paragraph 2 of the Complaint.

3. Admit that the City of Minneapolis is being sued as a municipality; deny the remaining allegations set forth in paragraph 3.

## JURISDICTION

4. Admit that the Plaintiff asserts jurisdiction as set forth in paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5. Defendants are without knowledge or information as to the familial background of the Plaintiff and his daughter; deny that Defendants have a vendetta against the Plaintiff; deny the remaining allegations set forth in paragraph 5 of the Complaint.

5-2. Admit that on April 12, 2004, Animal Control Officer was in the vicinity of the Plaintiff's address which is not listed in the Complaint; admit that the Plaintiff had conversations with Animal Control officers; deny the remaining allegations set forth in the second paragraph numbered 5 of the Complaint.

6. Admit that force was used to subdue and control the Plaintiff; deny the remaining allegations set forth in paragraph 6 of the Complaint.

7. Deny the allegations set forth in paragraph 7 of the Complaint.

8. Defendants are without knowledge or information as to medical treatment sought by the Plaintiff and these allegations are, therefore, denied.

9. Defendants are without knowledge or information as to any medical issues asserted by the Plaintiff and the allegations set forth in paragraph 9 of the Complaint are, therefore, denied.

10. Admit that the Plaintiff was charged with Obstruction of Legal Process and Disorderly Conduct; admit that the Obstruction of Legal Process charge was dismissed; deny that the Disorderly Conduct charge was continued for dismissal; deny the remaining allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint.

**COUNT I. VIOLATION OF 42 U.S.C. § 1983**

**(BY PLAINTIFF AGAINST ALL DEFENDANTS)**

12. Admit that Defendants Adams and Dinh were on-duty and in uniform; admit that the officers were exercising police powers; deny the remaining allegations set forth in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint are not susceptible to responsive and are, therefore, denied.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

**COUNT II. ASSAULT (AGAINST ALL DEFENDANTS)**

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

**COUNT III. BATTERY (AGAINST ALL DEFENDANTS)**

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Defendants allege affirmatively that they are immune from liability in this action under the provisions of Minn. Stat. §466.03, subd. 5, in that Plaintiff's claim is a claim based upon an act or omission of an officer or employee, exercising due care in the execution of a valid or invalid statute, charter, ordinance, resolution or rule.

3. Defendants allege affirmatively that they are immune from liability in this action under the provisions of Minnesota Statute Section 466.03, subd. 6, in that Plaintiff's claim is a claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

4. Defendants allege affirmatively that its officers were government officials performing discretionary functions and acting within the scope of their official duties and acting in objective good faith, with a reasonable basis to belief that actions taken, if any, were lawful and justified, such that they have qualified immunity from any liability in this action.

5. Defendants allege affirmatively that at all times material to the Complaint, they were public officials charged by law with performing duties that required discretion or judgment such that they therefore have an official immunity from any liability in this action.

6. Defendants allege affirmatively that Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff

complains, and allege that if any risk inhered in the situation that gave rise to the Complaint, then Plaintiff voluntarily assumed such risk.

7. Defendants allege affirmatively that the acts upon which the Complaint is made were privileged, were based upon probable cause to believe the Plaintiff committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendant is immune from liability in this action.

8. Defendants allege affirmatively that Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own negligence and/or the negligence of those over whom Defendants exercise no right of control and for whose actions Defendants are not legally responsible.

9. Defendants allege affirmatively that Plaintiff's damages, if any, were caused, contributed, or brought about by Plaintiff's unlawful and illegal acts and/or the unlawful and illegal acts of those over whom Defendants exercise no right of control.

10. Defendants allege affirmatively that the acts of Defendants, if any, were necessary for the preservation of life or property, were done in an emergency situation where the peril was instant and overwhelming, and occurred where there was no alternative but the conduct in question, and the Defendants could not have avoided the emergency by taking advance precautions.

11. Defendants allege affirmatively that the use of force, if any, was privileged under the common law and/or under Minn. Stat. §609.06, it being reasonable force used by a public officer or one assisting a public officer under the public officer's direction: a.) in

effecting a lawful arrest, or b.) in the execution of legal process, or c.) in enforcing an order of the court, or d.) in executing any other duty imposed upon the public officer by law; or the actor reasonably believed any of the said circumstances to exist.

12. Defendants allege affirmatively that the acts upon which the Complaint was made were privileged, in that the acts were necessary to secure important governmental and public interests relative to public health, safety and welfare, there was a need for prompt action because of exigent circumstances, and Defendant City of Minneapolis kept strict control over the process involved so as to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty or property.

13. Defendants allege that Plaintiff has failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

14. Defendants specifically deny that Plaintiff has any right to attorney's fees in this action.

15. Defendants allege affirmatively that liability is limited by Minn. Stat. §466.04.

16. Defendants that they have not been properly served with the summons and complaint in this action.

17. Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. Section 1983 which are based upon the concept of respondeat superior.

18. Plaintiff has failed to submit proper and timely notice to defendants of plaintiff's claim, as required by Minn. Stat. §466.05.

19. Defendant City of Minneapolis alleges that it is a municipality and therefore is immune from liability for punitive damages.

WHEREFORE, Defendants pray for an Order of this Court as follows:

a. Dismissing the Plaintiff's' Complaint on its merits and with prejudice.

b. Awarding Defendants all its costs and disbursements as allowed by law, including reasonable attorney's fees.

c. For such other and further relief as this Court deems just and equitable.

Dated:

JAY M. HEFFERN
City Attorney
By

s/ Tracey Nelson

TIMOTHY S. SKARDA (10176X)
TRACEY L. NELSON (0311807)
Assistant City Attorneys
Attorneys for Defendants
300 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2553