**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Henry Kenneth Roger Siems, an Individual,**

**Plaintiff,**

**vs.**

**The City of Minneapolis, a municipal corporation in Minnesota, Officer Joseph Adams (individually in is official capacity), Officer Hien Dinh (individually in his official capacity) and Does 1 through 5, inclusive,**

**Defendants.**

**Court File No.: 06-1415 (MJD/AJB)**

**DEFENDANTS' MEMORANUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

The Defendants anticipate that the Plaintiff will seek to introduce personnel data regarding the disciplinary and complaint history of Officers Adams and Dinh. Additionally, the Plaintiff has not identified or disclosed any expert testimony. The proposed exhibits or testimony are not admissible for the reasons stated herein.

## I. PERSONNEL FILES, DISCIPLINE FILES AND TESTIMONY BASED UPON THOSE FILES ARE NOT ADMISSIBLE.

The Plaintiff may seek to introduce portions of the personnel or disciplinary files of the Defendant officers.

The Plaintiff did not request personnel files or disciplinary files from the Defendants in the course of discovery. Should the Plaintiff may seek to introduce

portions of the personnel or disciplinary files of Defendant officers, the Defendants assert that such material in not admissible.

Evidence of past misconduct to prove character and propensities is inadmissible under Rule 404(a) of the Federal Rules of Evidence. See, Hopson v. Fredericksen, 961 F.2d 1374, 1379 (8th Cir. 1992). In addition, Rule 403 would exclude this evidence due to its unfair prejudice and inflammatory effect upon the jury. The evidence would be irrelevant and highly prejudicial: it would tempt the jury to consider evidence of the officer's past misconduct as an indication of their propensity to be violent. The jury could conclude that the officer acted in conformity with this character when dealing with the Plaintiff.

Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action and conformity therewith. In Morgan v. City of Marmaduke, Ark., 958 F.2d 207 (8th Cir. 1992), a police officer crashed his vehicle into plaintiff's motorcycle during a chase. Plaintiff attempted to offer into evidence two prior incidents in which the defendant police officer used his patrol car to stop a fleeing motorcyclist. The trial court allowed evidence of one prior incident, but held the second incident inadmissible. On appeal, the Eighth Circuit ruled that both prior incidents were inadmissible under Fed. R. Evid. 404(b).

Section 1983 excessive force claims arising in the context of an arrest must be analyzed under the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386 (1989). This standard is entirely objective, and "an officer's evil intentions

will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intention make an objectively unreasonable use of force constitutional." Morgan, 958 F.2d at 211 n.2, (quoting Graham, 490 U.S. at 397). The Eighth Circuit reasoned that, even if one were to assume that the evidence of the prior incident was otherwise admissible, it had no probative value concerning the claim of excessive force. It also had a prejudicial effect against the individual officer and should have been excluded under Fed. R. Evid. 403. Morgan, 958 F.2d 207.

Under the Graham Fourth Amendment "objective reasonableness" standard the officer's state of mind is irrelevant. Therefore evidence of other issues in which the officer used excessive force may not be introduced on the issue of intent. In Robinson v. City of St. Charles, Mo., 972 F.2d 974 (8th Cir. 1992), plaintiffs sought to introduce the individual officers' personnel files as evidence of prior bad acts and the municipality's knowledge of those acts. The district court ruled the files inadmissible against the individual officers and subsequently excluded the evidence against the municipality. Following the Fourth Amendment's standard of objective reasonableness, the Eighth Circuit held that the police officers' personnel records, containing notations of citizens complaints and other civil lawsuits, were not admissible to show whether the officers acted maliciously and sadistically for purposes of causing harm.

Any evidence sought to be introduced against Defendants is intended to show that they arguably had a propensity to act as violent persons or that they have a tendency to use more force than is reasonably necessary. The admission of such evidence clearly

violates Rule 404(b)'s ban against other act evidence to show character or prior conduct. In Hopson, the court stated that "showing a 'proclivity to engage' in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [Rule 404(b)]". Hopson v. Fredrickson, 961 F.2d at 1379. Similarly, in Donald v. Rast, 927 F.2d 379 (8th Cir.) cert. denied, 502 U.S. 827 (1991) it was held that evidence that an officer had been reprimanded on several occasions was properly excluded. In Berkovich v. Hicks, 927 F.2d 1018 (2nd Cir. 1991) prior complaints against the police officer to show an aggravated state of mind was held to be improper character evidence.

## II. PLAINTIFF HAS FAILED TO DISCLOSURE EXPERT TESTIMONY AND SHOULD BE PROHIBITED FROM USING SUCH TESTIMONY AT TRIAL.

The Plaintiff has not disclosed any expert testimony or witnesses and any such testimony proposed should not be allowed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. The Pretrial Scheduling Order required the Plaintiff to identify expert witnesses by June 1, 2007, and serve written reports on or before August 1, 2007.

A district court does not abuse its discretion by denying a plaintiffs' attempt to file supplemental disclosure of expert witness where the failure to disclose the witness in timely manner was not result of honest mistake and defendants did not have sufficient knowledge of expert or his opinions. Sommer v. Davis, 317 F.3d 686 (6th Cir. 2003) *cert. den.* 540 US 824 (2003). Similarly, in a 42 U.S.C. § 1983 false arrest and excessive force case, a defendant police officers' motion to bar plaintiff’s testimony regarding any medical conditions, causation, diagnosis, or prognoses resulting from the incident was

granted in part and denied in part. Testimony concerning medical conditions that required medical expertise was barred by Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2), because the plaintiff had failed to disclose any expert witnesses. However, testimony by the plaintiff regarding subjective symptoms was admissible. Townsend v. Benya, 287 F. Supp. 2d 868 (N.D. Ill. 2003). Where the parents of a deceased child identified the child's treating nurses and physicians as witnesses in a medical malpractice action, but did not designate the witnesses as expert witnesses as required by Fed. R. Civ. P. 26(a)(2), the exclusion of expert opinion testimony of witnesses was warranted. The parents' misunderstanding of the law concerning expert witness disclosure did not constitute substantial justification for non-disclosure and defendant was prejudiced. Musser v. Gentiva Health Servs., 356 F3d 751 (7th Cir. 2004).

"The requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case." Nguyen v. IBP, Inc., 162 F.R.D. 675, 681 (D.Kan.1995). As a sanction for a party's failure to comply with the requirements for expert disclosure, a court may exclude the testimony of that expert. Ingram v. Acands, Inc., 977 F.2d 1332, 1341 (9th Cir.1992): China Resource Products (U.S.A.) v. Fayda International, Inc., 856 F.Supp. 856, 866-67 (D.Del.1994); Smith v. State Farm Fire and Cas. Co., 164 F.R.D. 49, (S.D.W.Va. 1995)(insufficient expert witness reports stricken).

## III. THE TESTIMONY OF TREATING PHYSICIANS EXPRESSING EXPERT OPINIONS SHOULD NOT BE ALLOWED.

The Plaintiff has not designated a treating physician to testify in the instant case, however, any such proposed testimony should be limited. To the extent that treating physicians are called upon to express expert opinions as to causation, express opinions as rebuttal to Defendants expert testimony or express opinions not based upon their personal observations, those physicians are held to the same requirements regarding expert disclosures and supporting data as physicians retained solely to provide expert testimony.

A treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for injured party steps into shoes of retained expert for purposes of FRCP 26(a)(2). Thomas v. CONRAIL, 169 F.R.D. 1 (D.C. Mass. 1996). A treating physician who acquired opinions directly through the treatment of a plaintiff is not subject to the report requirement of Rule 26(a)(2)(B). However, when the treating physician's opinion extends beyond facts disclosed during care and treatment of patient, and the physician is specially retained to develop opinion testimony, physician is subject to provisions of Rule 26. Brown v Best Foods, 169 F.R.D. 385 (N.D. Ala. 1996).

The testimony of a treating physician when offered as an expert opinion regarding causation is subject to the requirements of Rule 26. Zarecki v. National R.R. Passenger Corp., 914 F.Supp. 1566 (N.D. Ill. 1996). Treating physicians, generally, may testify without the disclosure requirement of Rule 26. However, when treating physicians step into the role of a consulting expert they are subject to the requirement of Rule 26. A patient will not be allowed to solicit expert testimony regarding causation and disability rating from a treating physician. Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591 (D.Neb. 1995). Treating physicians called upon to review the treatment of other doctors

are subject to the requirement of Rule 26. Salas v. U.S., 165 F.R.D. 31 (W.D.N.Y. 1995); Wreath v. U.S., 161 F.R.D. 448 (D.Kan. 1995). If the treating physician review the report of an independent medical evaluation and is requested to comment on that report the physician is considered an consulting expert. Shapardon v. West Beach Estates, 172 F.R.D. 415 (D. Hawaii 1997). If an attorney refers the client for treatment it is presumed that the physician was selected as an expert. Hallv. Sykes, 164 F.R.D. 46 (E.D.Va. 1995).

Testimony from treating physicians of the Plaintiff should be limited to the care and treatment given to the Plaintiff. Any witnesses should not be allowed to express opinions in rebuttal to expert testimony presented by the Defendants and should not be permitted to express opinions as to causation.

Dated: January 15, 2008

JAY M. HEFFERN
City Attorney
By

s/Timothy S. Skarda

TIMOTHY S. SKARDA (10176X)
TRACEY N. FUSSEY (0311807)
Assistant City Attorneys
Attorneys for Defendants
300 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2553