U. S. COURT OF APPEALS -EIGHTH CIRCUIT Appeal Docket No. ______

APPELLANT'S FORM A

Appeal Information Form

To be filed with the Notice of Appeal

**Make 3 copies of completed form**

| STYLE OF CASE | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER |
|---|---|
| Henry Kenneth Roger Siems, an individual<br><br>Appellant | RASMUS LAW OFFICE, LLC<br>Dan Rasmus<br>333 South 7th Street, Suite 3020<br>Minneapolis, MN 55402<br>612-746-0321 |
| vs | |
| The City of Minneapolis, a municipal corporation in Minnesota, Officer Joseph Adams (individually in his personal capacity), Officer Hien Dinh (individually in his personal capacity), and Does 1 through 5 inclusive.<br><br>Appellee | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER<br><br>Minneapolis City Attorney's Office<br>Timothy S. Skarda and Tracey L. Nelson, Assistant City Attorneys<br>333 South 7th Street, Suite 300<br>Minneapolis, MN 55402<br>612-673-2553 |

LIST ISSUES ON APPEAL (For administrative purposes). You may indicate that this also serves as your statement of issues under FRAP 10(b) (3). ☒ Yes ☐ No

Plaintiff/Appellant appeals the Order dismissing the case pursuant to the Court's determination that prior counsel for the Plaintiff/Appellant was willfully disobedient of court orders and/or exhibited a pattern of intentional delay. Citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000), the Court dismissed Plaintiff's case with prejudice based on actions of Plaintiff's counsel. Plaintiff/Appellant will pursue this appeal based on the contention that there were less severe sanctions available to the Court for addressing the actions of Plaintiff's counsel and the strong policy favoring a trial on the merits and against depriving a party of his day in court. *See Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977).

FOR LEAD COUNSEL ONLY

I X have have not discussed settlement possibilities on appeal with my client.

This appeal X is ( is not) amenable to settlement.

Submitted by Dan Rasmus [signature] 2/25/08

Signature of lead counsel Date