**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Henry Kenneth Roger Siems,
an individual,

Plaintiff,

v.

The City of Minneapolis, a municipal
corporation in Minnesota,
Officer Joseph Adams (individually
And in his official capacity),
Officer Hien Dinh (individually and
in his official capacity), and
Does 1 though 5, inclusive,

Defendants.

Court File No.: 06-CV-1415 (MJD/AJB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM ORDER DISMISSING CASE**

## INTRODUCTION

Plaintiff Henry Kenneth Siems (Mr. Siems) respectfully requests the Court to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure its January 25, 2008 Order dismissing his case. Mr. Siems' failure to comply with the Court's pretrial scheduling order was unintentional — Mr. Siems did not know of the mistake at issue until many days after final judgment had been entered. Accordingly, his failure to comply was a product of inadvertence or excusable neglect, which entitles him to relief under Rule 60(b). Mr. Siems also asks that the Court to take into account the harsh and disproportionate effect dismissal with prejudice will have on him, relative to the degree of fault fairly attributable to him.

## FACTUAL BACKGROUND

Mr. Siems engaged Ms. Waite to represent him with respect to various claims that arose from interaction with officers employed by the Minneapolis Police Department on the evening of April 12, 2004. (*See* Siems Aff. ¶ 2.) On April 12, 2006, Mr. Siems filed a Complaint against the City of Minneapolis and individual officers, alleging that the officers assaulted and battered him outside his home in Minneapolis. (*See* Docket No. 1.)[1] Mr. Siems suffers from memory loss and other neurological problems, symptoms which he believes were caused by the beating he received at the hands of the police. (Siems Aff. ¶ 3.) In his Complaint, Mr. Siems sought monetary and injunctive relief under 42 U.S.C. § 1983 for violation of his constitutional rights. (*See* Docket No. 1.) He also alleged state tort claims against the individual officers who arrested him. (*See id.*)

On May 4, 2006, Magistrate Judge Arthur J. Boylan issued the Notice of Pretrial Conference, instructing counsel to file a written report in accordance with the requirements of Rule 26(f) on or before June 22, 2006. (*See* Docket No. 4.) On June 22, 2006, at 9:50 a.m., Ms. Waite received email correspondence from Tracy Nelson (Fussey), Assistant Minneapolis City Attorney, requesting a conference to discuss the Rule 26(f) Report. (Ex. A to Rasmus Aff.) On June 23, 2006, she requested that Ms. Nelson send her a copy of the proposed filing so that Ms. Waite could inspect the document and make additions or changes as necessary. (*Id.*) She did not receive a response. Defendant filed the Rule 26(f) Report on June 27, 2006. (*See* Docket No. 5). Mr. Siems was unaware that his counsel was required to participate in a Rule 26(f) Conference or that the related Report was filed one day late. (Siems Aff. ¶ 4.)

---

[1] The Docket documents are contained in the Appellant's Appendix for the Eighth Circuit Appeal in this matter. The Appellant's Appendix is attached to the Affidavit of Dan Rasmus as Exhibit A.

Ms. Waite attended the pretrial conference before Magistrate Judge Arthur J. Boylan on June 29, 2006. (*See* Docket No. 6.) A Scheduling Order was subsequently issued and the filing of Rule 26 Report one day later than directed did not affect the scheduling of the case. (*See id.*) Discovery proceeded without the need for Court intervention. (*See* Docket entries.)

On November 13, 2007, the Court issued an Order containing the due dates for pretrial submissions. (*See* Docket No. 8.) The Order required the parties to submit a statement of the case, exhibit list, witness list, list of deposition testimony, all motions *in limine*, proposed voir dire, joint proposed jury instructions, and a proposed special verdict form by 12:00 p.m. on January 18, 2008. (*See id.)* Mr. Siems never received a copy of the Court's pretrial scheduling Order, and he was unaware of the submissions due prior to trial. (Siems Aff. ¶ 4.)

On December 20, 2007, Mr. Siems and Ms. Waite appeared before Magistrate Judge Arthur J. Boylan for a final Settlement Conference. (*See* Docket No.'s 12-13.) Ms. Waite submitted a Confidential Settlement Statement to the Court on December 19, 2007. (*See id.)* The case was not settled, which necessitated setting it for trial. (*See id.)*

On January 22, 2008, the Court issued an Order extending the deadline for complying with the pretrial scheduling Order to January 25, 2008. (*See* Docket No. 25.) Notification of this Order was sent electronically to Ms. Waite. (*See id.)* This extension was in response to the failure of Ms. Waite to submit Plaintiff's required documents by January 18 and her failure to otherwise contact the Court. (*See id.)* This failure was in spite of attempts by the Court's Calendar Clerk to contact Ms. Waite by both telephone and email. (*See id.)* The extension also included a clear warning that the case would be dismissed with prejudice if Plaintiff did not comply with the Court's pretrial Scheduling Order by the new deadline of January 25, 2008, Mr.

Siems was not aware of any of the Court's communications with Ms. Waite during the period of January 17, 2008 through January 25, 2008, until after his case was dismissed. (Siems Aff. ¶ 6.)

On January 25, 2008, after 5:00 p.m., the Court entered an Order dismissing Mr. Siems' Complaint with prejudice under Federal Rule of Civil Procedure 41(b). (*See* Docket No. 26.). As the basis for dismissing Plaintiff's suit, the Order cited Plaintiff's failure to submit a Rule 26(f) report or participate in the Rule 26(f) conference, and Plaintiff's failure to comply with the Court's pretrial scheduling order. (*See id.)* Mr. Siems first learned of the dismissal after final judgment was entered on January 28, 2008. (Siems Aff. ¶ 6.)

Mr. Siems subsequently obtained new counsel, the undersigned, and filed a Notice of Appeal on February 25, 2008, requesting that the court of appeals grant the relief also requested here. (*See Id.* at ¶¶ 7-8). Mr. Siems is at present awaiting instruction regarding oral argument concerning the appeal.

## SUMMARY OF ARGUMENT

Mr. Siems requests that this Court grant relief, pursuant to Federal Rule of Civil Procedure 60(b), from its Order and Judgment of dismissal with prejudice. Under Rule 60(b), the Court may relieve a party from an order and final judgment, including a dismissal pursuant to Federal Rule of Civil Procedure 41(b), for a variety of reasons, including: 1) "mistake, inadvertence, surprise, or excusable neglect"; and 2) "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

Because the Court's dismissal with prejudice pursuant to Rule 41(b) was based on the inadvertence or excusable neglect of Mr. Siems (putting aside the conduct of his former attorney Ms. Waite), and because the judgment will impose an undue hardship on Mr. Siems relative to

his blameworthiness by eliminating an essential remedy for the injury he has suffered, Mr. Siems respectfully asks the Court to employ the authority granted to it by Rule 60(b) and relieve him of the Order and Judgment dismissing his case with prejudice.

## ARGUMENT

### I. MR. SIEMS' LACK OF CULPABILITY CONCERNING THE FAILURE TO COMPLY WITH COURT ORDERS WARRANTS RELIEF FROM THE DISMISSAL WITH PREJUDICE PURSUANT TO RULE 60(b)

Mr. Siems did not personally disobey any court orders; indeed, he had no knowledge that his former attorney failed to submit required pretrial documents or that she did respond to the Court's efforts to reach her. Although Rule 41(b) permits a court to dismiss a case with prejudice "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court," such a sanction is only warranted "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1260 (8th Cir. 1997). A finding of willful disobedience requires that a party act "intentionally as opposed to accidentally or involuntarily." *Rodgers v. Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998).

#### A. Mr. Siems' Failure to Comply with Court's Order was Inadvertent or, at most, a Product of Excusable Neglect.

This is not a case of willful disobedience or intentional delay. Mr. Siems was completely unaware that his former attorney, Ms. Waite, had missed any deadlines or that the Court intended to dismiss his case on January 25, 2008. Mr. Siems' did not display any actions that could be

characterized willfully disobedient or intentional with respect to the submission of pretrial materials.

The United States Supreme Court has stated that determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding party's omissions." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The relevant circumstances include 'the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Feeney v. AT &E*, 472 F.3d 560 (8th Cir. 2006). The Court has stated that neglect need not be "caused by circumstances beyond the control of the movant" to be excusable, *Pioneer,* 507 U.S. at 392, and that a finding of sufficient innocence on the part of the movant is not a condition precedent to our obligation to consider the other equitable factors, *see id.* at 395 n.14.

Here, because the Court dismissed the case more than a week before trial, with only three days notice of its intent to do so, it was unable to take into account all of the relevant circumstances surrounding Mr. Siems' missing the deadline for submitting pretrial documents. Most importantly, there is no indication the Court was aware Mr. Siems did not know that his attorney was failing to provide pretrial submissions as requested by the Court. As indicated above, Mr. Siems' did not learn of the Court's concerns until after the case was dismissed, so he had no opportunity to take corrective action.

Mr. Siems does not dispute that the Court had an obligation to address Ms. Waite's unresponsiveness to the Court's communications. However, there is no evidence that Mr. Siems was responsible for, or even knew that his attorney was not complying with the Court's orders.

Mr. Siems' actions present neither a pattern of intentional delay nor a single instance of reproachable scienter on his part. From the outset, Mr. Siems has diligently pursued his right to recover from the City and its agents for violation of his civil rights by promptly obtaining medical care, ensuring that his injuries were documented, obtaining a lawyer to assist him with filing a complaint, attending his deposition and his adverse medical examination as scheduled, and regularly contacting his attorney to learn the status of his case. None of the conduct of Mr. Siems in this case exhibit an intention to delay the proceedings.

Mr. Siems respectfully requests that Ms. Waite's actions not be imputed to him. He is unfamiliar with court procedures and proceedings, suffers from cognitive disabilities, and was unaware of the Court's orders and the missed deadlines. If culpable at all, Mr. Siems is responsible only for the sort of excusable neglect that allows for the application of Rule 60(b).

### B. When Plaintiff's Noncompliance is Unintentional, Dismissal with Prejudice is not an Appropriate Sanction.

Dismissal with prejudice is a drastic sanction to be applied sparingly. *Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991) (citation omitted); *see also Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261 (8th Cir. 1984) (noting that dismissal with prejudice is an extreme sanction and should be used "only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.").

As noted above, Mr. Siems, perhaps in contrast to Ms. Waite, cannot be found to have acted with more than inadvertence or excusable neglect in the this case. Several Circuit Courts of Appeal encourage restraint when using dismissal as a sanction for the attorney's failure to comply with court orders. *See, e.g., In re Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorneys, that is where the impact of the sanction should be lodged.");

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (stating that dismissal should be cautiously used when defiance of an order is caused by attorney's neglect); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("Dismissal [under Fed. R. Civ. P. 41(b)] is usually inappropriate where the neglect is solely the fault of the attorney.").

The D.C. Circuit has addressed the potential harm of dismissing a case involving attorney rather than client neglect:

> When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition. Public confidence in the legal system is not enhanced when one component punished blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.

*Jackson v. Washington Monthly Co.*, 569 F.2d 119, 123 (D.C. Cir. 1977) (footnotes omitted). Likewise, the Eighth Circuit has rejected imposition of such extreme sanctions on an innocent litigant. *See Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976) ("[T]he attorney inexcusably caused available court time to go unused when such court time was badly needed to meet the court's caseload. For this he may properly be subject to discipline, but it does not follow in this case that his client should be the one to feel the lash.").

In this case, Mr. Siems' noncompliance was unintentional— he was unaware that his attorney had not provided pretrial submission, or that his attorney was not responding to the Court's attempts to contact her. He did not know of the Court's final warning concerning the submissions until several days after his case had been dismissed. Ms. Waite may understandably be subject to some form of reprimand; however, principles of fairness weigh against imposing a sanction that will cause the results of his attorney's behavior to fall squarely upon Mr. Siems.

## II. A BALANCING OF THE EGREGIOUSNESS OF SIEMS' CONDUCT AGAINST THE MOST EFFECTIVE MEANS FOR ADMINISTERING JUSTICE WEIGHS AGAINST THE SANCTION OF DISMISSAL WITH PREJUDICE.

Prior to dismissing a case with prejudice, courts are to balance "the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983). "This balancing process focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (internal quotations and citation omitted).

In this case, the balancing test favors reinstating Mr. Siems' case under Rule 60. Concerning the conduct side of the balancing equation, as indicated above, there is no evidence in the record that Mr. Siems, "willfully" disobeyed Court orders. Nor is there evidence of a persistent failure to prosecute the claim. Moreover, taking into account the actions of Ms. Waite, the level of willful conduct and persistent delay noted in cases where a Rule 41(b) dismissal was upheld is distinguishable from the conduct of Mr. Siems' attorney in this case. *See Hunt v. City of Minneapolis*, 203 F.3d 524, 528 (8th Cir. 2000) (noting that the plaintiff's counsel engaged in six distinct violations of court orders or the Federal Rules of Civil Procedure); *Doe v. Cassel*, 403 F.3d 986, 988, 990 (8th Cir. 2005) (noting that plaintiff's counsel repeatedly violated orders related to amending pleadings and the discovery schedule, and resorting to dismissal with prejudice only after dismissing plaintiff's second amended complaint without prejudice); *Good*

*Stewardship Christian Center v. Empire Bank*, 341 F.3d 794, 797–98 (8th Cir. 2003) (noting that plaintiff violated a court order concerning *ex parte* communications, asked for numerous, baseless sanctions from opposing counsel, obstructed discovery on several occasions and failed to pay monetary sanctions imposed by the court).

Concerning the administration of justice side of the balancing test, Mr. Siems asks the Court to consider whether the extreme sanction of dismissing his case was necessary, or whether it was most appropriate way to deal with Ms. Waite's conduct. The Court could have imposed other sanctions that would have addressed its concerns, while allowing Mr. Siems's case to continue. For example, the Court could have adopted Defendant's submissions for voire dire, jury instructions and the special verdict form. The Court could have also excluded any witness testimony about which defendants were not already aware, had Plaintiff's witness list contained witnesses about whom Defendants were unaware.

Concerning the integrity of the court process, Mr. Siems understands the need for the Court to control it docket and insure that the litigants take court orders seriously. However, in this case the Court did not indicate that its docket was unusually congested or that it could not replace the Siems trial with another matter. An order to show cause for contempt or personal monetary sanctions against Ms. Waite may have had a stronger impact on her future conduct as compared to dismissing the case of her client, Mr. Siems, who was innocent of any wrongdoing. In this case, where the offending conduct resulted from conflicting court commitments of the attorney rather than the indifference or dilatory tactics of the litigant himself, there were other tools at the Court's disposal which would not have "impact[ed] so decisively upon the innocent litigant." *Moore*, 539 F.2d at 1193. Even where the facts might support dismissal with prejudice, this "ultimate sanction . . . should only be used when lesser sanctions prove futile." *Hunt*, 203

F.3d at 527. *See also Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977) (noting that under Rule 37, district courts should enter an order to show cause and hold a hearing to determine whether assessing costs would be a more just and effective sanction than dismissing the case, which should be a rare judicial act).

In circumstances where the plaintiff's faults are limited to failure to comply with a pretrial order or make timely pretrial submissions, Eighth Circuit courts have opted to impose lesser sanctions than dismissal with prejudice. *See, e.g.*, *Schooley v. Kennedy*, 712 F.2d 372 (8th Cir. 1983) (dismissing case without prejudice when plaintiffs submitted late and incomplete pretrial materials and failed to appear for trial on scheduled date); *Mann v. Lewis*, 108 F.3d 145, 148 (8th Cir. 1997) (remanding case to trial court to dismiss case without prejudice in order "to preserve Mann's day in court.").

The present case can and should be distinguished from *Hunt*. In *Hunt*, the plaintiff "engaged in at least six distinct violations of the court's orders or of the Federal Rules." *Hunt*, 203 F.3d at 528. The plaintiff there missed deadlines for the submission of motions *in limine*, failed to comply with numerous specific requirements set forth in the pretrial order, violated Rule 26(a)(2)(B) by late notification of an expert witness, failed to comply with deposition requests prompting multiple orders to compel discovery which in turn prompted an earlier threat to dismiss the case with prejudice, and failed to timely provide evidence of work history that contradicted plaintiff's deposition testimony. *Id.* at 527–28. Mr. Hunt's violations were far more egregious than the violations in this case. Here, Ms. Waite's delay in submitting Rule 26(f) materials and failure to meet the deadline for pretrial submissions do not warrant the same extreme sanction as this Court imposed in *Hunt*.

The Eighth Circuit case *Mann v. Lewis*, 108 F.3d 145 (8th Cir. 1997), is more analogous to the instant case and should control here. In *Mann*, the district court's pretrial order directed the parties to meet a number of requirements at least ten days before trial. *Id.* at 147. After several continuances, trial was scheduled for March 1, 1996. The plaintiff's attorney "failed in all respects to comply with the pretrial order." *Id.* In addition, plaintiff was tardy in responding to another order issued February 21, 2006, which required plaintiff's expert to provide answers to two questions left unanswered after his deposition. *Id.* When defendants moved for dismissal on March 6, the court granted the dismissal, finding plaintiff's action "directly violated [the trial court's] orders and prejudiced the defendants by inhibiting their ability to prepare for trial." *Id.*

The Eighth Circuit reversed the dismissal and remanded the case to the trial court to apply lesser sanctions. *Id.* at 148. The Eighth Circuit panel reasoned: "We agree that sanctions were certainly warranted for Mann's unjustified failure to comply with the district court's orders. Dismissing Mann's case with prejudice, however, was disproportionate to his transgression." *Id.* at 147. In Mann, the court ultimately awarded compensatory costs to the defendants for their time and inconvenience, *Id.* at 148, which the Court may consider imposing against Ms. Waite in the present case, along with a number of other possible remedies noted above. The appeals court was also careful to distinguish Mr. Mann, the litigant, from his attorney, by noting that the failure to comply with court orders was due solely to the lack of diligence of the attorney. *Id.* Under such a fact pattern, the litigant should not be made to shoulder the grave consequences of the total extinction of his case for his attorney's dereliction. *See id.* (citing *Moore*, 539 F.2d at 1194).

The *Moore* case is also on point regarding the issues raised in the present case. In *Moore*, a Title VII civil rights case, plaintiff and his attorney appeared, ready for trial, on the day the case was scheduled for trial. *Moore*, 539 F.2d at 1192. The case was not reached on the docket

until two days later. Because neither plaintiff nor his attorney appeared when the case was recalled, despite repeated efforts by the district court to contact the attorney, the court dismissed the case with prejudice. *Id.* at 1193. The reviewing court determined that Mr. Moore's attorney did not appear for trial because he was overextended with trial commitments and had decided to attend another of these commitments when he learned there were other cases that would be called for trial ahead of Mr. Moore's case. *Id.*

In *Moore*, the Eighth Circuit Court of Appeals recognized that an appropriate response would be to dismiss the case without prejudice. *Id.* Nonetheless, noting that Mr. Moore should not be the one to be sanctioned for the conduct of his attorney, the court restrained from dismissing the case even without prejudice because it also recognized that such an action would place any new lawsuit initiated by Mr. Moore outside the statute of limitations. Accordingly, the court vacated the judgment of dismissal and remanded the case for further proceedings, with the strong recommendation that Mr. Moore's attorney be monetarily sanctioned for his actions. *Id.*

In this case, Mr. Seims requests that the Court come to a conclusion similar to those reached in *Mann* and *Moore*. That the Court was justifiably upset with the behavior and conduct of Ms. Waite is not disputed here. However, the Court could have employed other means for dealing with her, short of completely extinguishing the claims of Mr. Siems, who is not an attorney and was unaware of the submissions deadlines in this case. This unawareness cannot be said to rise to the level of unreasonable neglect or intent which might otherwise warrant the complete foreclosure of his claims, effectively preventing him from having his day in court.

## RELIEF REQUESTED

Based on the foregoing, Plaintiff respectfully requests that the Court exercise the discretion granted it by Rule 60(b) for situations such as this, and reverse its Rule 41(b) dismissal with prejudice for the sake of Mr. Siems and his legitimate claims for relief. Mr. Siems also requests a Court Hearing on this matter.

Dated: August 8, 2008

**RASMUS LAW OFFICE, LLC**

s/ Dan Rasmus
Dan Rasmus (#0260289)
333 South 7th Street
Suite 3020
Minneapolis, MN 55402
(612) 746-0321

**ATTORNEYS FOR PLAINTIFF**
**HENRY KENNETH ROGER SIEMS**