**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Henry Kenneth Roger Siems,**
**an Individual,**

**Plaintiff,**

**vs.**

**The City of Minneapolis, a municipal corporation in Minnesota, Officer Joseph Adams (individually in is official capacity), Officer Hien Dinh (individually in his official capacity) and Does 1 through 5, inclusive,**

**Defendants.**

**Court File No.: 06-1415 (MJD/AJB)**

**DEFENDANTS' MEMORANUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DISMISSING CASE**

Defendants respectfully file this Memorandum in Opposition to Plaintiff's Rule 60(b) Motion. Plaintiff brings his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure requesting this Court to reconsider its January 25, 2008, Order dismissing the case for failure to comply with this Court's pretrial scheduling order. The Plaintiff asserts that the violation was unintentional because of the Plaintiff's lack of knowledge of the actions of his attorney. The Plaintiff asserts that did not learn the violations until after the final judgment and the violation was, therefore, a product of inadvertence or excusable neglect entitled to relief under Rule 60(b). Defendant's respectfully request this Court deny Plaintiff's motion.

## FACTS

In his underlying causes of action, Henry Siems (herein "Siems") asserted that on April 13, 2004, Minneapolis Police Officers Joseph Adams and Hien Dinh responded to a

distress call placed by an animal control officer near Siems' residence. *See* Affidavit of Dan Rasmus, Ex. A. (Appellant's Appendix to the Eighth Circuit) at 3. Officers used force to subdue Siems. Rasmus Aff., Ex. A. Siems was arrested and pled guilty to a misdemeanor violation of disorderly conduct in violation of Minn. Stat. § 609.72 on October 25, 2004. *See* Affidavit of Tracey Fussy, Ex. A. (Appellee's Appendix to the Eighth Circuit) at 3.

On April 12, 2006, Siems filed the instant litigation alleged that Adams and Dinh violated his constitutional rights through the use of excessive force; that unknown police officers violated his First Amendment rights by intimidating him from complaining about his treatment; and that the City of Minneapolis had a custom or policy of failing to discipline police officer asserted pursuant to *Monell v. Department of Soc. Serv. of City of N.Y.*, 436 U.S. 658 (1978). Rasmus Aff, Ex A. at 1-7. Siems also asserted state tort claims for assault and battery against Adams and Dihn. *Id*.

A Notice of Pretrial Conference, dated May 4, 2006, required that the parties meet and confer and submit a joint Rule 26(f) report on or before June 22, 2006. *Id*. at 11. The City made numerous attempts to contact Siems to comply with the pretrial order of without success. *Id*. at 12. The City forwarded draft copies of the report without response. *Id*. The last contact between the City and Siems was an e-mail on Friday, June 23, 2006, at 9:27 p.m. asking that a copy of the report be forwarded. *Id*. After Siems failed to meet and confer, the City submitted a separate Rule 26(f) Report five days late. *Id*. at 12-16.

On November 9, 2007, this Court issued a detailed order setting the case for trial on February 1, 2008, and setting a schedule for trial submissions. *Id*. at 23-26. The November 9, 2007, Order was filed and served on the parties on November 13, 2007. *Id*.; Fussy Aff., Ex. A at 9.

The November 9, 2007, Order required the parties submit:

1. A statement of the case, indicating the facts the party intended to prove and indicating any unresolved substantive, evidentiary and procedural issues. *Id*. at 23.

2. An exhibit list, requiring the parties to exchange and agree upon the admissibility of exhibits. The parties were advised that only exhibits that had been exchanged could be offered into evidence. *Id*. at 23-24.

3. A witness list, including the names and addresses of the witnesses, along with a short statement of the substance of the expected testimony of each witness. *Id*. at 24. The Court advised that only witnesses listed would be permitted to testify. *Id*.

4. A list of deposition testimony, including a designation of the portions of the deposition to be admitted with objections to such testimony by January 24, 2008. Id. at 24-25.

5. Proposed *voir dire* questions. *Id*. at 25.

6. Proposed jury instruction to be agreed to and filed jointly by the parties. *Id*. The parties were required to serve proposed instructions on each other one week prior to January 18, 2008, and meet and confer regarding joint instructions. *Id*.

7. Proposed special verdict forms. *Id*.

8. Motions *in limine* with responses due by January 24, 2008. *Id*.

The November 9, 2007, Order contained specific requirements regarding serving the opposing party, filing with the clerk of court and delivery of electronic and three-hole punched courtesy copies to the court. *Id*. at 23-26. Finally, the November 9, 2007, Order indicated that the "failure of any party to comply with the procedures outlined herein shall result in the imposition of an appropriate sanction." *Id*. at 26. The Siems case was the only matter listed on the February trial block for the Court. *Id*. at 23.

On January 17, 2008, all parties were served through the court's ECF filing system with notice that the trial would start on Monday, February 4, 2008. Fussy Aff., Ex. A at 10. Also, on January 17, 2008, the Court's calendar clerk telephoned Siems' counsel and left a message with her legal assistant informing her that Siems' case was set for a date certain on February 4, 2008, and reminding her of the January 18 due date for trial submissions. Rasmus Aff., Ex. A. at 30.

The City complied with the November 9, 2007, Order and submitted all trial submissions in a timely manner. *Id*; Fussy Aff., Ex. A at 10. Siems did not submit the required documents by the January 18, 2008, deadline or contact the Court with an explanation or request for an extension of time. Rasmus Aff., Ex. A. at 28. After the January 18, 2008, deadline passed, the Court issued an order on January 22, 2008, imposing a new deadline of January 25, 2008, to file the required submissions. *Id*. at 28; Fussy Aff., Ex. A at 6-7. The January 25, 2008, order advised Siems that if the required submissions were not timely filed the case would be dismissed with prejudice. *Id*.; Fussy Aff., Ex. A at 7. Additionally, the Court called Siems' counsel on January 22, 2008, and attempted to leave a message, but could not because the office voicemail was full. *Id*. at

30. On January 22, 2008, the Court sent an e-mail to Siems' counsel requesting the trial submissions. *Id*.

On January 25, 2008, after the noon deadline to comply with the January 22, 2008, Order had passed, the Court called and left a message asking for an immediate return call. *Id*. at 31. The Court, having received no response from Siems by 5:03 p.m., filed an order dismissing the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Fussy Aff., Ex. A. at 10, 12-13. The Judgment of Dismissal with Prejudice was issued on January 28, 2008. Rasmus Aff., Ex. A. at 33.

Siems did not seek to have the dismissal reconsidered pursuant to D.Minn LR 7.1(g). The only contact between Siems and the Court between November 9, 2007, and February 20, 2008, was an *ex parte* letter from Siems' counsel apologizing for her actions. *Id*. at 34-35. The Court dismissed the litigation because of the direct violation of court orders and non-communication by Siems with the Court. Fussy Aff., Ex. A. at 1-2.

## I. RULE 60(b) STANDARD.

Whether to grant a Rule 60(b) motion is within the "sound discretion" of the district court, *Winter v. Cerro Gordo Cty Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991), although the rule only authorizes relief in the "most exceptional circumstances." *Int'l B'hd of Elev. Workers*, 293 F.3d 409, 415 (8th Cir. 2002).

Siems seeks reconsideration pursuant Fed.R.Civ.P 60(b), which requires a showing of excusable neglect. "Excusable neglect" is not defined in the rules. The determination should made by examining the commonsense meaning of the words applied to the facts. *Buckley v. United States*, 382 F.2d 611, 614 (10th Cir. 1967), *cert.*

*den*. 390 U.S. 997 (1968) (not excusable neglect when attorney error in filing late notice of appeal because of reliance on court clerk's mailing of notice and attorney's busy law practice). Cases examining excusable neglect have established what is not considered excusable. *See In re Guidant Corp. Implantable Defibrillators*, 496 F.3d 863, 868 (8th Cir. 2007) (attorney's incompetence and carelessness not excusable neglect); *Maryland Casualty Co. v. Conner*, 382 F.2d 13, 17 (10th Cir. 1967) (attorney's preoccupation with other matters was not excusable neglect); *Ben Sager Chemicals, Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (carelessness by counsel does not afford a basis for relief); *Fernandes v. U.S.*, 169 F.R.D. 372 (D.Kan. 1996) (clerical error in filing a motion to dismiss in wrong file not excusable neglect). Excusable neglect is not a vehicle for attorney carelessness. *Sutherland v. ITT Continental Baking Co., Inc.*, 710 F.2d 473, 467-77 (8th Cir. 1983). Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

## II. PLAINTIFF'S CASE WAS PROPERLY DISMISSED

The power to invoke dismissal under Fed. R. Civ. P. 41 is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts. *Link v. Wabasha R. Co.*, 370 U.S. 626, 630 (1962). The power is of ancient origin, having its roots in judgments at common law. *Link*, 370 U.S. at 630. The power to dismiss a litigant's cause of action enables the district courts to ensure the expeditious handling of cases and protects the rights of opposing parties to be

free of prejudice caused by a litigant's dilatory conduct. *Hutchins v. A.G. Edwards and Sons*, 116 F.3d 1256, 1260 (8th Cir. 1997).

In *In re: Guidant*, the court issued two pretrial orders. 496 F.3d 863, 865 (8th Cir. 2007). First, the district court ordered the plaintiffs to provide current email addresses for correspondence with the court, and second, the court ordered the plaintiffs to complete a "plaintiff's fact sheet," which included a medical authorization form. *Guidant*, 496 F.3d at 866. Two of the 1400 plaintiffs did not provide any information at first. *Id*. Counsel was notified three times regarding the missing information. *Id*. Counsel did eventually provide some incomplete answers to the "fact sheet" and an erroneous email address. *Id*. The district court dismissed the plaintiffs' case under Rule 41(b). *Id*. The plaintiffs requested the court reconsider the dismissal under Rule 60(b) arguing excusable neglect, and the court denied the motion. *Id*. The plaintiffs' appealed the denied Rule 60(b) motion to the Eighth Circuit. *Id*.

The Eighth Circuit listed four factors to take into account when assessing whether conduct is excusable: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Id*. at 866-867. The Eighth Circuit noted that the reason for the delay is the primary factor. *Id*. at 867.

The Eighth Circuit reasoned that the danger of prejudice and impact on proceedings was substantial given the number of plaintiffs in the action that the defendant needed to investigate, and by unfairly diverting time and attention of the court. *Id*. The

court also determined that the plaintiffs did not act in good faith. *Id*. The court of appeals noted that the plaintiffs, through their counsel, had three opportunities to comply with the district court's order. *Id*. The Eighth Circuit concluded that while the conduct may not have been willful disobedience, the conduct was a "blatant disregard for the deadlines and procedure imposed by the court." *Id*. The plaintiff's claimed the reason for the delay was because documents were sent to the wrong email address and that one plaintiff did not want to provide his military records. The Eighth Circuit stated that even if the reasons were true, they did not excuse the delay because the counsel did not attempt to mitigate any harm or inconvenience and the eventual answers to the fact sheet were incomplete. *Id*. The court of appeals noted that professional carelessness does not warrant relief under Rule 60(b) and moreover, "Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness." *Id*. at 867, *citing* (*Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005); *Hunt v. City of Minneapolis,* 203F.3d 524 (8th Cir. 2000)). The Eighth Circuit upheld the district court's order. *Id*. at 868.

Similarly in *Hunt*, the plaintiff engaged in a course of conduct comparable to that exhibited by Siems. In ruling that the dismissal with prejudice was an appropriate sanction, the Eighth Circuit noted six instances of specific misconduct by Hunt in the time between the issuance of the trial order and the trial date. The court noted that Hunt (1) revealed that he had performed work contrary to his deposition testimony; (2) filed no motions *in limine* or filed responses to defendants' motions *in limine* after the court ordered deadline; (3) neglected to submit a statement of the case; (4) disregarded the

court's order by not making his exhibits available for review; (5) filed a witness list that did not include the witnesses' addresses or summaries of their testimony; and (6) filed a witness list that included an expert witness not previously disclosed. *Hunt*, 203 F3d at 526-27. Hunt had also engaged in a series of discovery disputes outlined by the court. As a sanction the district court ruled that Hunt could not offer any witnesses or exhibits and concluded that trial would be a futile waste of judicial resources and that dismissal was the appropriate response. *Id*. at 527.

Here, as in *Guidant*, the danger of prejudice and impact on proceedings was substantial as well. The timely submission of trial materials allows the court to evaluate its docket and allows the parties to prepare for trial in an expeditious and efficient manner. The failure to disclose and identify witnesses and exhibits causes delays and generates motion practice for the court. Defendants could not prepare for trial without knowing what witnesses may testify and what exhibits may be offered. Because Siems would not respond to the Court, the Court had no idea of knowing when Siems might provide such information and when Siems might make himself available for trial. This matter would have been pushed back at least until the next available trial block, which could have been months later.

Additionally, Siems has not demonstrated good faith. Siems has acted in blatant disregard for the deadlines and orders issued by this Court throughout the litigation, starting with the meet and confer and the 26(f) paperwork in June of 2006. The trial order requiring trial submissions to be filed by January 18, 2008 was clear. The failure to follow the clear dictates of a court rule constitutes excusable neglect. *Noah*, 408 F.3d at

1045. In January 2008, Siems did not submit the required documents by the deadline or contact the Court with an explanation or request for an extension of time. While not required, Siems was given a warning. He was given an additional week to supply the documents and notified that the case would be dismissed if he did not comply. Siems again ignored the deadline and again provided no explanation for the non-compliance. In fact, Siems never submitted any documents. Nor did he provide any explanation to the Court for the non-compliance.

The Court attempted to elicit an explanation from Siems until the filing of the dismissal without success. The first rationale for non-compliance was offered by Siems in a February 20, 2008, *ex parte* letter to the Court provided vague and unsworn statements about a heavy caseload and illness by staff. The letter is dated five days before the Siems' Notice of Appeal and twenty-six days after the Court Order dismissing the case. Providing an explanation five days before the notice of appeal, seemingly in a calculated attempt to include it in the record for the appeal to the Eighth Circuit, can hardly qualify as providing an explanation and once again evidences bad faith.

Finally, Siems fails to provide a reason for delay that warrants relief under 60(b). Siems argues that the reason for delay or failure to ever provide the trial submissions was his attorney's fault and he should not be held accountable for his attorney's conduct or in the alternative, that lesser sanctions should be provided.

First, Rule 60(b) is not a "vehicle for relief because of an attorney's competence or carelessness. *Guidant*, 496 F.3d at 868. Professional carelessness, heavy workloads and ignorance on the part of the attorney do not constitute "excusable neglect" that warrants a

Rule 60(b) motion. *See id.*; *Noah*, 403 F.3d at 1045; *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). Attempts to explain delays by arguing that an attorney's schedule is overburdened cannot be deemed a valid excuse or courts will be unable to enforce any orders or procedural rules. *Hunt*, 203 F.3d at 524. In any event, Siems had a multitude of alternative methods to deal with any law office problems and workload issues. Additional permanent or temporary staff could have been hired. Counsel could have associated with other attorneys. Prudent law office management would mandate that the new clerical staff be closely monitor, especially with the pre-existing mandatory deadlines from this court.

Second, the United States Supreme Court has explicitly held that clients must be held accountable for the acts and omissions of their attorneys. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 396 (1993). Each party is bound by the acts of his counsel and is presumed to have notice of all facts and notice of which can be charged upon the attorney. *Pioneer*, 507 U.S. at 369 (*citing Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 (1962)).

Siems relies on *Mann v. Lewis*, 108 F.3d 145 (8th Cir. 1997) for the proposition that if the client did not contribute to the dilatory conduct of the attorney, dismissal with prejudice is not an appropriate sanctions. In *Mann*, the district court dismissed the plaintiff's claims with prejudice after supplemental discovery had been filed two days late and compliance with a pretrial order was seven days overdue. On appeal, the Eighth Circuit held that the dismissal with prejudice was too harsh a sanction for the negligence of the attorney. *Mann* was an example of the violation not being severe enough to merit

extinction of a party's claim. The review of the district court action found, essentially, that lesser sanctions would have been appropriate; not that the conduct of the attorney did not bind the client.

*Mann* does not hold that, as a general matter, parties are not bound by the acts of their counsel. *Inman v. American Home Furniture Placement*, 120 F.3d 117, 118 (8th Cir. 1997). Litigants choose counsel at their peril. *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1010 (8th Cir. 1993); *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992). *Inman* noted that "[i]f they were truly diligent litigants who were misled and victimized by their attorney, they have recourse in a malpractice action. 120 F.3d at 119 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 634 n. 10 (1961)). The focus should not be on whether Siems did all he reasonably could in policing the conduct of his attorney but on whether his attorney, as Siems agent, did all she reasonably could to comply with the court-ordered deadlines. *Pioneer Investment Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 396 (1993).

Third, this Court did considered lesser sanctions. This Court noted that a lesser sanction could have involved prohibiting Siems from introducing exhibits and calling witnesses. (A. 31-32). Such a ruling would have made it impossible for Siems to present his case and would have effectively resulted in judgment as a matter of law in favor of the City. Additionally, such a sanction would have required additional court time and the inconvenience of seating a jury and beginning a trial. It is problematic that this Court could have successfully imposed any lesser sanction, since the Court could not get the attention of or any response from Siems to its orders, e-mail or phone calls. There was

no error in this Court's consideration and rejection of lesser sanctions as futile or as not providing an effective remedy.

This Court was left with no alternative than the actions taken because of the complete and utter disregard for orders and communications by the Court.

## III. PLAINTIFF'S MOTION FOR 60(B) RELIEF WAS NOT FILED WITHIN A REASONABLE TIME

Final judgment in this matter was entered on January 28, 2008. Siems appealed this Court's judgment to the Eighth Circuit on February 25, 2008. Defendants submitted their brief to the Eighth Circuit on April 29, 2008. Siems filed this Motion for 60(b) relief on August 11, 2008.

Fed. R. Civ. P. 60 motions must be "made within a reasonable time" and "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1) 2008. Courts interpret "reasonable time" for a 60(b) motion to be within thirty days from the entry of judgment. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461, 460 (8th Cir. 2000). The purpose of this shorter time frame is to prevent its use as a substitute for appeal. *Lowry*, 211 F.3d at 460. The Eighth Circuit has noted that when a party brings a Rule 60(b) motion alleging judicial inadvertence, all relevant facts evidencing the errors are known when the final order is entered. *Id*.

In *United States of America v. Taylor*, Civ. No. 3-96-335 (RHK/FLN), 2002 U.S. Dist. LEXIS 21864 *1 (D. Minn 2002), the plaintiff brought a 60(b) motion seeking relief from final judgment based on inadvertence and other reasons. The plaintiff filed the 60(b) motion after appealing the final judgment to the Eighth Circuit. *Taylor*, 2002 Dist.

LEXIS 21864 at *4. The district court concluded that the plaintiff's motion sought to "short-circuit" the appeals process which was already underway. *Id*. at *6. The district court ruled that the motion was not brought within a reasonable time as provided under Rule 60(c)(1). *Id*.

Here, Siems appealed a January 25, 2008, Order in February 2008, but did not bring this Rule 60(b) motion until almost eight months after the final Order. Siems did not bring the instant motion until after Defendants filed their Eighth Circuit brief in which the Defendants noted that Siems had not petitioned the Court to reconsider its Order. The eight month time gap is unreasonable. Moreover, in Siems' brief to the Eighth Circuit he raised identical issues in arguing that the Rule 41 dismissal should be reversed, arguing that he should not be held accountable for his attorney's actions and that dismissal is too harsh of a sanction. Siems clearly had all of the information within which to advance those arguments before he filed his Eighth Circuit brief in April 2008. There is no reason he needed eight months to bring his Rule 60(b) motion. Accordingly, it was not brought within a reasonable time.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny Plaintiff's Rule 60(b) Motion.

Dated: 9-11-08

SUSAN L. SEGAL
City Attorney
By

s/ Tracey N. Fussy
TIMOTHY S. SKARDA (10176X)
TRACEY N. FUSSY (0311807)
Assistant City Attorneys
Attorneys for Defendants
300 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2553