**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

HENRY KENNETH ROGER SIEMS,
an individual,

Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 06-1415 (MJD/AJB)

THE CITY OF MINNEAPOLIS, a municipal corporation in Minnesota; OFFICER JOSEPH ADAMS, individually and in his official capacity; OFFICER HIEN DINH, individually and in his official capacity; and DOES 1 through 5, inclusive,

Defendants.

---

R. Daniel Rasmus, Rasmus Law Office LLC, Counsel for Plaintiff.

Timothy S. Skarda and Tracey L. Nelson, Minneapolis City Attorney's Office, Counsel for Defendants.

---

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Relief from Order Dismissing Case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

[Docket No. 34] Plaintiff requests that this Court reconsider its January 25, 2008 Order dismissing the case with prejudice. The Court heard oral argument on October 10, 2008.

## II. FACTUAL BACKGROUND

In his Complaint, Plaintiff Henry Kenneth Roger Siems alleges that on April 12, 2004, Minneapolis police officers Joseph Adams and Hien Dinh responded to a call from an animal control officer near Siems' residence and used force to subdue and beat Siems. Siems claims that he suffers lasting injuries from this incident.

On April 12, 2006, Siems filed a Complaint against the City of Minneapolis, Adams, Dinh, and five Does. [Docket No. 1] Siems was represented by attorney Jill M. Waite.

The facts regarding Siems' failure to comply with the Court's orders and this Court's attempts to obtain compliance are set forth in the Court's January 25, 2008 Order dismissing this case. [Docket No. 26] After numerous failures to comply by Siems, the Court issued an Order on the evening of January 25, 2008, dismissing Siems's case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On February 25, 2008, Plaintiff appealed this Court's decision to the Eighth Circuit Court of Appeals. [Docket No. 28] On August 8, 2008, after retaining new counsel, Plaintiff filed the current motion.

## III. DISCUSSION

### A. Standard

#### 1. Rule 41(b)

A court may dismiss a case with prejudice if the plaintiff fails to comply with the Federal Rules of Civil Procedure or the orders of the court. Fed. R. Civ. P. 41(b); Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000). Such a sanction is appropriate "only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt, 203 F.3d at 527 (citation omitted). A finding of willful disobedience does not require that a party act in bad faith, only that the party "acted intentionally as opposed to accidentally or involuntarily." Id. (citation omitted).

#### 2. Rule 60(b)

"Rule 60(b) is a motion grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice. The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought

to an end and that justice should be done." Harley v. Zoesch, 413 F.3d 866, 870 (8th Cir. 2005) (citations omitted). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Id. (citation omitted). The Court's decision to deny a Rule 60(b) motion is reviewed for abuse of discretion. Id.

### 3. Rule 60(b)(1): Excusable Neglect

Siems seeks relief under Rule 60(b)(1), which provides that the Court may relieve a party from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." "Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." United States v. Puig, 419 F.3d 700, 702 (8th Cir. 2005) (citation omitted). The determination of what sorts of neglect may be considered excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (citation and footnotes omitted).

"Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness." Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997) (citation omitted). "To be excusable . . . the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. . . . Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (citations omitted).

**B. Analysis of Siems's Claim**

**1. Timing of Plaintiff's Rule 60(b) Motion**

Initially, Defendants argue that Plaintiff's Rule 60(b) motion was not filed within a reasonable period of time. A motion under Rule 60(b)(1) "must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Defendants assert that a reasonable time for a Rule 60(b) motion is within 30 days from the entry of judgment. However, the cases upon which Defendants rely adopt a 30-day limit only for Rule 60(b) motions based on judicial error. See, e.g., Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 461 (8th Cir. 2000) (holding that "a Rule 60(b) motion alleging judicial inadvertence [must] be made within the time

period allowed for appeal, that is, thirty days from the entry of judgment") (citation omitted).

The 30-day rule does not apply to Plaintiff's motion, which is based upon the allegation of excusable neglect by Plaintiff. The Court concludes that Plaintiff's motion was brought within a reasonable period of time and turns to the merits of the motion.

### 2. Propriety of Court's Dismissal with Prejudice

#### a. Whether a Client Is Bound by His Attorney's Negligence

Siems defends his non-compliance with the Court's scheduling Order by drawing a distinction between the neglect of his attorney and his own actions. Siems asserts that he was unaware that his previous attorney had missed any deadlines or that the Court intended to dismiss his case on January 25, 2008. He also points out that he did not personally display any willful disobedience or intentional neglect with respect to the submission of pretrial documents. He argues that he diligently pursued his claim by obtaining medical care, documenting his injuries, hiring a lawyer, attending his deposition and adverse medical examination, and regularly contacting his attorney to learn the status of

his case. Thus, Siems argues that the actions of his previous attorney should not be imputed to him.

The Court must reject Siems' argument. Clients are bound by the acts of their attorneys:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Pioneer, 507 U.S. at 397 (citations omitted). "[T]he proper focus is upon whether the neglect of [the party] and their counsel was excusable." Id. (emphasis in original).

> Litigants choose counsel at their peril. While it may seem harsh to make defendants answer for their attorney's behavior, any other result would punish [plaintiff] for the inaction of her opponents' lawyer. Defendants are better suited to bear this risk. If they were truly diligent litigants who were misled and victimized by their attorney, they have recourse in a malpractice action.

Inman, 120 F.3d at 118-19 (citations and footnote omitted).

**b. Danger of Prejudice to Defendants, Length of Delay, and Impact of Delay on Judicial Proceedings**

The danger of prejudice from Siems' failure to comply with the Court's

orders was substantial. Siems' failure to provide trial materials prevented the Court from evaluating its docket and prevented the parties from preparing for trial. Defendants could not prepare for trial without knowing what witnesses might testify and what exhibits might be offered. Because Siems failed to respond to the Court in any way, the Court did not know when Siems might provide the required information or whether he would make himself available for trial.

The fact that Siems' responded to Defendants' interrogatories and that Defendants conducted an adverse medical examination does not obviate the need for witness lists, exhibit lists, motions in limine, and proposed jury instructions. In fact, the Answers to Defendants' Interrogatories to Plaintiff provided to the Court state the following in response to an interrogatory requesting the names of witnesses to be called at trial: "I have not yet decided whom to call as a witness at trial. I will supplement this answer after I decide."

**c. Reason for Delay and Whether Siems Acted in Good Faith**

Siems, as bound by the actions of his counsel, did not act in good faith because he disregarded deadlines and Court orders from the inception of the

litigation. He never submitted any of the required trial documents or requested an extension; nor did he ever respond to the Court or provide an explanation for his noncompliance. Siems did not contact the Court until after the case was dismissed, when his counsel sent an ex parte unsworn letter to the Court apologizing for her actions.

Professional carelessness, heavy workloads, and attorney ignorance do not constitute excusable neglect. If an attorney's overburdened schedule were a valid excuse, courts would be unable to enforce any orders or procedural rules.

Plaintiff contends that dismissal with prejudice is an overly harsh sanction in this case. Siems is bound by the actions and failures of his counsel. Any recovery to Siems must be sought in a malpractice action against his former counsel. In this case, the Court not only gave Plaintiff a deadline extension of a week, but also made several attempts to contact Plaintiff, although it was not required to do so. Additionally, in its January 25 Order, the Court explicitly held that "[a] lesser sanction, such as 'preventing introduction of the exhibits and testimony that had been rendered inadmissible by [Plaintiff]'s failure to comply with the pretrial order' would leave Plaintiff 'totally unable to prove his claims.'" (Jan. 25, 2008 Order at 5 (citing <u>Hunt v. City of Minneapolis, Minn.</u>, 203 F.3d 524,

528 (8th Cir. 2000).) The Court concluded that a lesser sanction would not be practical or possible.

**d. Conclusion**

Siem's counsel's actions bound Siems. The danger of prejudice to Defendants was substantial. The delay would have had a significant impact on the proceedings. There is no viable excuse for the delay. The Court does not believe that counsel acted in good faith because counsel repeatedly completely ignored the Court's orders. The Court concludes Rule 60(b)(1)'s excusable neglect provision does not cover Siems' prior attorney's failure to comply with the Court's orders.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Plaintiff's Motion for Relief from Order Dismissing Case [Docket No. 34] is **DENIED**.

Dated: October 28, 2008

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court