# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 08-1456

---

| | | |
|---|---|---|
| Henry Kenneth Roger Siems, an individual, | * | |
| Appellant, | * | |
| v. | * | Appeal from the United States District Court for the District of Minnesota. |
| City of Minneapolis, a municipal corporation in Minnesota; Officer Joseph Adams, individually and in his official capacity; Officer Hien Dinh, individually and in his official capacity; 1 through 5 Does, | * | |
| Appellees. | * | |

---

Submitted: November 13, 2008
Filed: March 25, 2009

---

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

---

SMITH, Circuit Judge.

Henry Kenneth Roger Siems appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 claim against the City of Minneapolis and certain police officers for failure to comply with the court's pretrial orders. We affirm.

I.

On April 12, 2006, Siems filed a complaint under § 1983 against the City of Minneapolis and two Minneapolis police officers alleging that the officers used excessive force when they intervened in a dispute between Siems and a city animal control officer on April 12, 2004. Siems's complaint sought compensatory and punitive damages as well as injunctive relief. On May 4, 2006, Magistrate Judge Arthur J. Boylan set the case for a pre-trial conference on June 29, 2006, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16. Judge Boylan's notice required the parties to file a joint Rule 26(f) report[2] no later than June 22, 2006, should the case not settle. Siems's counsel did not respond to Judge Boylan's notice and did not meet with the City's counsel to prepare a joint Rule 26(f) report prior to the deadline. Following the pretrial conference, Judge Boylan entered a pretrial scheduling order on June 30, 2006, which, among other things, set the case for trial on November 1, 2007. The case was subsequently reset for February 2008.

On November 13, 2007, District Judge Michael J. Davis issued a notice requiring the parties to submit a statement of the case, exhibit list, witness list, list of deposition testimony, all motions in limine, proposed voir dire, joint proposed jury instructions, and a proposed special verdict form. These items were due on January

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[2]Rule 26(f) requires that the attorneys of record arrange a conference, outline a discovery plan, and submit the discovery plan to the court in the form of a written report within 14 days. The discovery plan includes, inter alia, any Rule 26(a) disclosures, any issues about claims of privilege, and any other Rule 26(c) issues. Fed. R. Civ. P. 26(f).

18, 2008. The court's notice concluded with the statement, "[t]he failure of any party to comply with the procedures outlined herein shall result in the imposition of an appropriate sanction."

On January 17, 2008, the court contacted the office of Siems's counsel. The court reminded counsel's legal assistant about the impending January 18, 2008 submission deadline and the February 4, 2008 trial date. Counsel failed to file the required documents on January 18, 2008. Four days later, on January 22, 2008, the court again called the office of Siems's counsel. The court's call was unanswered, and the court was unable to leave a message because the answering machine was full. The court advised Siems's counsel by e-mail that she had missed the document submission deadline and reminded Siems's counsel of the approaching trial date. Neither the court nor the clerk received any response from Siems's counsel.

Later on that day, the district court entered an order reminding Siems's counsel that the case was set for trial on February 4, 2008, and that Siems had failed to comply with the court's submission order. The court specifically warned counsel that, "[i]f [Siems] fails to submit the required material by noon on January 25, 2008, this case will be dismissed with prejudice." Siems's counsel received electronic notice of this order, but Siems did not comply with the new deadline. On January 25, 2008, the district court left a message on the answering machine of Siems's counsel, requesting that she call the court immediately. Counsel did not return the court's call.

Premised on these facts, the district court dismissed Siems's case with prejudice. In its dismissal order, the court distinguished this case from the usual case of noncompliance as follows:

> This is not a case in which a party violated one portion of a pretrial scheduling order. Rather, Plaintiff has violated **every part** of the Court's Order despite the fact that the Court granted Plaintiff an extension and clearly warned Plaintiff of the effect of noncompliance.

The district court found that the dilatory conduct of Siems's counsel prejudiced the appellees and that other sanctions would be ineffective. The court found that Siems's behavior indicated a pattern of intentional failure to follow court orders.

Siems appeals the district court's dismissal with prejudice arguing that lesser sanctions were available and more appropriate to address counsel's failures.

II.

The Federal Rules of Civil Procedure permit dismissal with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Dismissal with prejudice is an "extreme sanction" that should only be available for "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). We review factual findings of willful or intentional failure to prosecute or a pattern of delay for clear error. *Id*.

Even when dismissal with prejudice is supported by the facts, the "ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile." *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998). This drastic remedy should be "sparingly exercised." *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976). Because the district courts are more familiar with their own dockets, "we should give them a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Therefore, we review dismissal for abuse of discretion. *Id*.

We hold that the district court did not err in finding a persistent pattern of delay that prejudiced appellees. The district court stated that Siems "violated **every part** of the Court's Order." These multiple violations began when Siems's counsel did not

participate in the joint Rule 26(f) report mandated by the district court. Subsequently, Siems's counsel did not comply with any part of the court's pretrial order. Despite repeated warnings from the court via e-mail and telephone (including direct contact with counsel's legal assistant), Siems's counsel never responded nor did Siems's counsel file any motions. Taken as a whole, Siems's complete inaction amounted to a persistent pattern of delay and willful violation of court orders. *See Hunt*, 203 F.3d at 528 (concluding that dismissal with prejudice is appropriate for distinct violations of court orders).

Siems argues that the district court should not have imposed the ultimate sanction because he was not responsible for, and did not know of, his counsel's dilatory conduct. Siems cites *Mann v. Lewis*, 108 F.3d 145, 147–48 (8th Cir. 1997), for the proposition that dismissal with prejudice is a disproportionate sanction where the litigant himself did not engage in the willfully disobedient conduct.

*Mann*, however, is distinguishable. In *Mann*, appellant received negligent treatment at a hospital which led to his leg being amputated. *Id*. at 146. He then filed suit against the hospital and doctors involved. *Id*. Appellant's attorney failed in all respects to comply with the court's pretrial orders. *Id*. at 147. Appellant's expert was ordered to answer two deposition questions by March 5, 1996. *Id*. However, the answers were not received until March 7, 1996. *Id*. On March 6, 1996, defendants moved to dismiss appellant's case with prejudice. *Id*. On March 7, 1996, appellant's attorney moved for dismissal without prejudice. *Id*. The district court dismissed the case with prejudice. *Id*. On appeal, appellant argued that dismissal with prejudice was inappropriate because he did not engage in willful disobedience. *Id*. This court agreed with appellant and reversed the dismissal with prejudice. *Id*. at 147–48. Although some sanction should have been levied against appellant's counsel, the dismissal with prejudice was disproportionate to appellant's own conduct. *Id*. at 147. The court held that dismissal without prejudice was more appropriate. *Id*. at 148.

In this case, neither Siems nor Siems's counsel contacted the court before the dismissal was granted. And, unlike *Mann*'s attorney, Siems's counsel never moved for a dismissal without prejudice. *See id*. at 147. The district court was completely in the dark as to Siems's intentions. In this situation, district courts are granted wide discretion in sanctioning the litigants. *Hunt*, 203 F.3d at 527. Considering the egregious conduct of Siems's counsel, we cannot say that the district court abused its discretion.

We are not wholly unsympathetic to Siems's position. The record does not contain any evidence that Siems himself contributed in any way to the dilatory actions of his counsel. However, we have long held that litigants choose their counsel at their own peril. *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118–19 (8th Cir. 1997). The ultimate question on appeal is not whether the litigant contributed to the conduct but whether the district court abused its discretion by dismissing the case with prejudice. Here, the district court was faced with a persistent pattern of intentional delay and willful disobedience of court orders. Moreover, the district court determined that lesser sanctions such as "'preventing introduction of the exhibits and testimony that had been rendered inadmissible by [Siems]'s failure to comply with the pretrial order' would leave [Siems] 'totally unable to prove his claims.'" *See Hunt*, 203 F.3d at 528. Because of the willful violations and because other sanctions would have been futile, we conclude that dismissal with prejudice was justified and the district court did not abuse its discretion.

III.

Accordingly, the judgment of the district court is affirmed.

______________________________